# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK LEON PEREZ, | ) 1:12-cv—01920-SKO-HC |
| | ) |
| Petitioner, | ) ORDER GRANTING PETITIONER LEAVE |
| | ) TO FILE A MOTION TO AMEND THE |
| | ) PETITION AND NAME A PROPER |
| v. | ) RESPONDENT NO LATER THAN THIRTY |
| | ) (30) DAYS AFTER THE DATE OF |
| ON HABEAS CORPUS, | ) SERVICE OF THIS ORDER |
| | ) |
| Respondent. | ) |
| | ) |
| | ) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303.  Pending before the Court is Petitioner's petition, which was filed in this Court on November 27, 2012.

I.  Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make

---

[1] Although Petitioner has submitted his petition on a form for prisoners proceeding pursuant to 28 U.S.C. § 2241, the Court notes that Petitioner is serving a sentence imposed by a state court.  Thus, the Court understands Petitioner to be proceeding pursuant to § 2254.

1

a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II.   Petitioner's Failure to Name a Proper Respondent

In this case, Petitioner named no respondent.  Petitioner is incarcerated at the California State Prison at Solano (CSP-S). (Pet., doc. 1, 1.)  The official website of the California Department of Corrections and Rehabilitation (CDCR) reflects that the warden at that facility is Gary Swarthout.[2]

A petitioner seeking habeas corpus relief under 28 U.S.C.

---

[2] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official websites.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  The address of the official website for the CDCR is http://www.cdcr.ca.gov.

§ 2254 must name the state officer having custody of him as the respondent to the petition.  Habeas Rule 2(a); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Generally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions, such as Matthew Cate, the Secretary of the CDCR, is also appropriate.  Ortiz-Sandoval, 81 F.3d at 894; Stanley, 21 F.3d at 360.

Petitioner's failure to name a proper respondent may require dismissal of his habeas petition for a failure to name a person who can produce the petitioner in response to an order of the Court and thereby to secure personal jurisdiction.  See, Smith v. Idaho, 392 F.3d 350, 355 n.3 (9th Cir. 2004).  This Court must ask sua sponte whether the respondent who is named has the power to order the petitioner's release.  If not, the Court may not grant effective relief, and thus it should not hear the case unless the petition is amended to name a respondent who can grant the desired relief.  Id.

However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility.  See, In re Morris, 363 F.3d 891, 893-94 (9th Cir. 2004).  In the interest of judicial economy, Petitioner need not file an amended petition in

3

a separate document.  Instead, Petitioner may file a motion
entitled "Motion to Amend the Petition to Name a Proper
Respondent" wherein Petitioner may name the proper respondent in
this action.

III.   <u>Order Granting Leave to File a Motion to Amend
       the Petition</u>

Accordingly, Petitioner is GRANTED thirty (30) days from the
date of service of this order in which to file a motion to amend
the instant petition and name a proper respondent.  Failure to
amend the petition and state a proper respondent will result in
dismissal of the petition for lack of jurisdiction or failure to
name as respondent a person with the power to produce the
petitioner.


IT IS SO ORDERED.

**Dated:    December 6, 2012**                    **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE