UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK LEON PEREZ, | ) | 1:12-cv—01920-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DIRECTING PETITIONER TO |
| | ) | SHOW CAUSE IN WRITING WITHIN |
| | ) | TWENTY-ONE (21) DAYS WHY THE |
| v. | ) | ACTION SHOULD NOT BE DISMISSED |
| | ) | FOR FAILURE TO FILE A MOTION TO |
| ON HABEAS CORPUS, | ) | AMEND THE PETITION AND TO FOLLOW |
| | ) | AN ORDER OF THE COURT (DOC. 5) |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on December 12, 2012 (doc.

---

[1] Although Petitioner has submitted his petition on a form for prisoners proceeding pursuant to 28 U.S.C. § 2241, the Court notes that Petitioner is serving a sentence imposed by a state court.  Thus, the Court understands Petitioner to be proceeding pursuant to § 2254.

1

6).

Petitioner filed the petition on November 27, 2012.  On December 7, 2012, the Court issued an initial screening order with respect to the petition in which the Court noted that Petitioner had not named the proper respondent and granted Petitioner leave to file a motion to amend the petition and name a proper respondent no later than thirty (30) days after the date of service of the order.  The order warned Petitioner that a failure to move to amend the petition and state a proper respondent would result in a recommendation that the petition be dismissed for lack of jurisdiction.  The order was served by mail on Petitioner on December 7, 2012.

To date, over thirty days have passed, but Petitioner has neither filed a motion to amend the petition nor timely sought an extension of time in which to file a motion to amend the petition.

A failure to comply with an order of the Court may result in sanctions, including dismissal, pursuant to the inherent power of the Court or the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 41(b), 11; Local Rule 110; Chambers v. NASCO, Inc., 501 U.S. 31, 42-43 (1991).

Accordingly, it is ORDERED that:

1. No later than twenty-one (21) days after the date of service of this order, Petitioner shall show cause why this action should not be dismissed for failure to obey the Court's order of December 7, 2012; Petitioner shall show cause in writing because the Court has determined that no hearing is necessary; and

2. Petitioner is INFORMED that the failure to respond to this order will result in dismissal of the action.

IT IS SO ORDERED.

**Dated:     January 23, 2013**                              /s/ Sheila K. Oberto
                                                      UNITED STATES MAGISTRATE JUDGE