UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK LEON PEREZ | ) | 1:12-cv—01920-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING THE PETITION FOR |
| | ) | FAILURE TO FOLLOW A COURT ORDER |
| | ) | AND TO PROSECUTE (DOC. 1) |
| v. | ) | |
| | ) | ORDER DECLINING TO ISSUE A |
| ON HABEAS CORPUS, | ) | CERTIFICATE OF APPEALABILITY AND |
| | ) | DIRECTING THE CLERK TO CLOSE THE |
| Respondent. | ) | ACTION |
| | ) | |
| | ) | |

Petitioner is a state prisoner proceeding in forma pauperis and pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on December 12, 2012 (doc. 6). Pending before the Court is the petition filed by Petitioner on November 27, 2012, and the Court's order to show cause that was filed and served on Petitioner on January 24, 2013.

1

I.  Background

Petitioner named as Respondent "On Habeas Corpus." (Pet. 1.) On December 7, 2012, the Court issued an order granting leave to Petitioner to file a motion to amend the petition to name a proper respondent within thirty days, which was served on Petitioner on the same date. When Petitioner did not file a motion to amend the petition within the thirty-day period set by the Court, on January 24, 2013, he Court issued an order to Petitioner to show cause within twenty-one (21) days why the petition should not be dismissed for failure to comply with the Court's order. The order to show cause was served on Petitioner on the same date. Although over twenty-one (21) days have passed since the Court's order was served on Petitioner, Petitioner has not responded to the order to show cause or sought a timely extension of time within which to do so.

II.  Failure to Prosecute and Follow an Order of the Court

Local Rule 110 provides that "...failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions... within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate... dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule);

Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as the case has been pending since November 2012. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is

1  greatly outweighed by the factors in favor of dismissal discussed
2  herein.  Finally, a court's warning to a party that his failure
3  to obey the court's order will result in dismissal satisfies the
4  "consideration of alternatives" requirement.  Ferdik v. Bonzelet,
5  963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at
6  1424.

7     The Court's order directing Petitioner to file an amendment
8  expressly informed Petitioner that a failure to comply with the
9  order would result in dismissal of the petition for lack of
10 jurisdiction or failure to name as respondent a person with the
11 power to produce the Petitioner.  (Doc. 5, 4.)  Further, the
12 Court's order to show cause expressly stated that a failure to
13 comply with an order of the court might result in dismissal (doc.
14 7, 2), and a failure to respond to the order to show cause would
15 result in dismissal of the action.  (Doc. 7, 3.)  Thus,
16 Petitioner received adequate warning that dismissal would result
17 from his noncompliance with the Court's order.

18     III.  Certificate of Appealability

19    Unless a circuit justice or judge issues a certificate of
20 appealability, an appeal may not be taken to the Court of Appeals
21 from the final order in a habeas proceeding in which the
22 detention complained of arises out of process issued by a state
23 court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537
24 U.S. 322, 336 (2003).

25    A certificate of appealability may issue only if the
26 applicant makes a substantial showing of the denial of a
27 constitutional right.  § 2253(c)(2).  Under this standard, a
28 petitioner must show that reasonable jurists could debate whether

4

the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

Rule 11(a) of the Rules Governing Section 2254 Cases. Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court will decline to issue a certificate of appealability.

IV. Disposition

Accordingly, it is ORDERED that:

5

1) The petition is DISMISSED pursuant to Local Rule 110 for Petitioner's failure to comply with the Court's order and to prosecute this action; and

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close the action.

IT IS SO ORDERED.

**Dated:   February 27, 2013**                     /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE