UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK LEON PEREZ, | ) | 1:12-cv—01920-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER VACATING ORDER AND JUDGMENT |
| | ) | OF DISMISSAL OF THE PETITION |
| | ) | (DOCS. 10, 11) |
| v. | ) | |
| | ) | ORDER DIRECTING PETITIONER TO |
| ON HABEAS CORPUS, | ) | FILE A MOTION TO AMEND THE |
| | ) | PETITION TO NAME A PROPER |
| Respondent. | ) | RESPONDENT NO LATER THAN THIRTY |
| | ) | (30) DAYS AFTER SERVICE OF THIS |
| | ) | ORDER OR SUFFER DISMISSAL OF THE |
| | | ACTION (DOCS. 5, 7) |

Petitioner is a state prisoner who has proceeded pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by

---

[1] Although Petitioner has submitted his petition on a form for prisoners proceeding pursuant to 28 U.S.C. § 2241, the Court notes that Petitioner is serving a sentence imposed by a state court. Thus, the Court understands Petitioner to be proceeding pursuant to § 2254.

1

manifesting consent in a signed writing filed by Petitioner on December 12, 2012 (doc. 6).

Petitioner filed the petition on November 27, 2012. On December 7, 2012, the Court issued an initial screening order with respect to the petition in which the Court noted that Petitioner had not named a proper respondent and granted Petitioner leave to file a motion to amend the petition and name a proper respondent no later than thirty (30) days after the date of service of the order. The order warned Petitioner that a failure to move to amend the petition and state a proper respondent would result in a recommendation that the petition be dismissed for lack of jurisdiction. The order was served by mail on Petitioner on December 7, 2012. However, Petitioner failed to file a motion to amend the petition.

On January 24, 2013, the Court issued an order to Petitioner to show cause within twenty-one days why the petition should not be dismissed for failure to follow a court order. The order was served on Petitioner by mail on the same date. On February 25, 2013, Petitioner responded to the order. On February 27, 2013, the Court signed an order dismissing the petition for Petitioner's failure to comply with the Court's previous orders. The order was docketed on February 28, 2013. Petitioner's response to the order to show cause was late. However, it appears that Petitioner's response and the order of dismissal crossed because the dismissal was for Petitioner's <u>failure</u> to respond, whereas Petitioner had actually responded.

Pursuant to Fed. R. Civ. P. 60(a), a court may correct a clerical mistake or a mistake arising from oversight or omission

whenever one is found in a judgment, order, or other part of the record, either on its own motion or on the motion of a party, with or without notice.  However, after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Here, no appeal has been filed.  Accordingly, on the Court's own motion, the Court will vacate the order and the judgment of dismissal of the petition.

However, Petitioner remains in disobedience of the Court's order of December 7, 2012, in which the Court noted the absence of a proper respondent from Petitioner's petition and directed Petitioner to file a request to amend the petition to name a proper respondent, such as the warden in charge of his custodial institution, or the Secretary of the California Department of Corrections and Rehabilitation (CDCR).  See, Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894-96 (9th Cir. 1996); Cal. Pen. Code § 5050.  A failure to comply with an order of the Court may result in sanctions, including dismissal, pursuant to the inherent power of the Court or the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 41(b), 11; Local Rule 110; Chambers v. NASCO, Inc., 501 U.S. 31, 42-43 (1991).

Petitioner stated in his response to the order to show cause that he had been subject to an institutional lock down, lacked access to a law library, and was transferred to another custodial institution.  However, those circumstances do not explain why Petitioner has not performed the simple act of submitting a request to amend the petition to name a proper respondent. Therefore, Petitioner has failed to comply with a court order,

and the Court is unable to screen the petition further or to proceed to ready the case for disposition on the merits.

     Petitioner will be given one more opportunity to file a motion to amend the petition. If Petitioner fails to comply with this order in a timely fashion, the petition will be dismissed **without further notice** for failure to comply with a court order and failure to prosecute.

     Accordingly, it is ORDERED that:

     1) The order and judgment of dismissal of the petition, filed on February 28, 2013, are VACATED for clerical mistake and oversight; and

     2) Petitioner is ORDERED to file no later than thirty (30) days after the date of this order a motion to amend the petition to name a proper respondent; and

     3) Petitioner is INFORMED that a failure to comply with this order will result in dismissal of the action.

IT IS SO ORDERED.

**Dated: March 1, 2013**             **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE